Bagley v. Shoppach.

Affirmed.

---

BAGLEY v. SHOPPACH.

| 43 | 375 |
| 57 | 492 |
| 43 | 375 |
| 58 | 601 |

1. FEES: *Collector's, on certificate of tax sales.*
   The revenue act of 1883 does not require the sheriff to include more than one tract in a certificate of purchase at a tax sale, and if he includes more he can charge only the single fee of twenty-five cents for one certificate.

2. JURISDICTION: *For exacting excessive fees.*
   An action for exacting excessive fees is *ex delicto* and within the original jurisdiction of the Circuit Court without regard to the amount exacted.

APPEAL from *Saline* Circuit Court.

Hon. J. B. Wood, Circuit Judge.

*Paul Bagley, pro* se.

Circuit Courts have exclusive original jurisdiction in all cases where the jurisdiction is not given to any other court. *Const., Art.* 7, *Sec.* 11. Justices of the Peace have exclusive jurisdiction in all matters of contract, and concurrent jurisdiction in all matters of damage to personal property when the amount does not exceed $100. *Art.* 7, *Sec.* 40, *Const.* Damage to personal property includes all injuries which one may sustain in respect to his ownership of personal estate 41 *Ark.,* 478.

The charging, demanding and receiving illegal and extortionate fees, is not a matter of contract, nor damage to personal property, but is a tort and in the nature of a fraud, and the Circuit Court clearly had jurisdiction. *Gantt's Dig., Sec.* 1470.

The collector could only charge 25 cents for the certificate, no matter how many tracts he embraced therein. *Acts* 1883, *Sec.* 134, *p.* 268. An officer can only collect a fee when the law makes provision to pay him. 25 *Ark.,* 236. Constructive fees are not allowed. *Gantt's Dig., Sec.* 604.

*John F. Shoppach, pro se.*

*Const., Art.* 7, *Sec.* 40, gives Justice's exclusive jurisdiction in all matters of contract where the amount in controversy, does not exceed $100.

Cockrill, C. J. Bagley sued Shoppach as sheriff and *ex officio* collector of taxes in the Saline circuit court for twenty dollars. The complaint is not framed upon the most approved precedent for such cases, but it is apparent that plaintiff has declared against an officer for receiving more fees for his services than the law allows him, together with the penalty awarded, under *Section* 1740, *Gantt's Dig.*

Bagley v. Shoppach.

It is alleged that Bagley became the purchaser of sixty-one tracts of land at a sale made by defendant for the non-payment of taxes due for the year 1883, and received from him a certificate of purchase embracing all the tracts, for which defendant collected and received of Bagley the sum of fifteen dollars and twenty-five cents, as his fee therefor, when, it is alleged, the statute gives him but twenty-five cents. He sues for the overcharge and a penalty of five dollars.

A demurrer to the complaint was sustained and the suit dismissed.

The Revenue Act of 1883 contemplates the execution of a certificate of purchase by the collector whenever there is a sale of a tract of land under its provisions, and allows the collector twenty-five cents for each certificate. It nowhere requires him to include a large number of tracts in one certificate, but if he elects to do so he can charge for but one certificate. An officer is entitled only to such fees as the law expressly provides for his services. <span>1. Collector's fee on tax certificate.</span>

It is urged that the circuit court could not entertain original jurisdiction of the suit because the amount involved is less than $100. This would be true if the suit were based on contract, or if it were for an injury to personal property. Appellant has not declared upon an implied promise of the appellee to repay what he had no right to receive, but he sues for the official tort and goes for the forfeiture and penalty which are the damages awarded by the statute for the tort. *Prior v. Craig,* 5 *Sergt. & R.,* 43. <span>2. JURISDICTION: For exacting excessive fees.</span>

When forms of action were observed it was common to declare in debt for a statutory penalty, but this was because the sum demanded was certain, and the action was in such cases merely in form *ex contractu. Chaffee v. U. S.,* 13 *Wall.,* 516; *Stockwell v. U. S.,* 13 *Ib.,* 531.

The exaction of excessive fees for legal services is a

species of fraud, and the same remedies are applicable as in other cases of fraud.  *Cooley on Torts, p.* 607.

The court erred in sustaining the demurrer, and judgment is reversed with directions to overrule the same.