### ELECTION BETWEEN REMEDIES.

Court of Appeals for Hamilton County.

SAM LEE ET AL v. JOSEPH S. THOMA.

Decided, July 1, 1913.

*Specific Performance—Election to Prosecute an Action for—Constitutes a Defense to an Action for Damages.*

An action for specific performance is a bar to a subsequent action for damages alleged to have been sustained through failure of the defendant to carry out the contract which forms the basis of the first suit.

*Thorndyke & Capelle*, for plaintiffs in error.

*W. A. Hicks, Jas. R. Jordan* and *Worthington & Strong*, contra.

JONES, O. B., J.; SWING, J., and JONES, E. H., J., concur.

The action below was brought by plaintiff to recover damages for failure to carry out a contract to lease certain premises at

514 Vine street together with an entrance, same to be used for a chop suey restaurant, the term of the lease to be four years. Plaintiffs took possession after making the contract, and occupied said premises for a few months. Defendant made changes in the entrance and stairway to which plaintiffs objected and finally moved out of the premises and filed suit in the court of common pleas on June 15, 1911, in case No. 148116, to compel the specific performance by the defendant of his contract for the execution of a lease for four years under the conditions prescribed in the contract. On December 4, 1911, this suit was dismissed without prejudice at plaintiffs' costs.

In the meantime, on August 22, 1911, plaintiffs filed a suit in an action for damages suffered during the period of plaintiffs' occupancy against defendant for failure to carry out the same contract, which is the suit now under review.

In this case below an answer was field practically admitting the making of the contract and its performance by the defendant, and as a fourth defense set up the suit brought in action No. 148116 of the court of common pleas for specific performance of this contract, and claiming ''that in filing said suit plaintiffs thereby elected to pursue their remedy of specific performance for the alleged failure of this defendant to comply with the provisions of said contract, and by such election are barred from prosecuting this action for damages.''

To this defense plaintiff demurred, which demurrer was overruled by the court, and plaintiff rely upon the error of· the court below in overruling such demurrer.

In the opinion of this court the demurrer to the fourth defense was properly overruled. Plaintiffs elected in filing their first suit to compel specific performance, and having made their election they must rely upon that, and can not now abandon that suit or bring an action for damages for breach of the same contract. *Zutterling* v. *Drake*, 10 C.C.(N.S.), 167; 7 Ency. of Pleading and Prac., 364.

Judgment below is therefore affirmed.