SUTTERFIELD v. BURBRIDGE.

5-440                                                    268 S. W. 2d 900

Opinion delivered June 14, 1954.

Ben F. Williamson and Chas. F. Cole, for appellant.

John B. Driver, for appellee.

Robinson, J. This case stems from a contract for the sale of real estate. The appellants, James F. and Ina Sutterfield, entered into a written contract to sell to appellee, Vern Eugene Burbridge, certain real estate. The purchaser paid $200 at the time of the execution of the contract, agreed to pay an additional $500 within 60 days, and another $500 within 30 days thereafter, with the balance to be paid within 12 months from that time. The contract states: "Provided however, that all moneys paid hereunder are paid on the condition of the grantor herein furnishing good and sufficient and marketable title to said lands and an abstract of the title thereto together with a Warranty Deed, tendered upon full payment of the purchase price therefor."

In due time the sellers made demand for the first $500 payment, but in the meantime the purchaser had ascertained that the sellers could not deliver a marketable title in accordance with the terms of the contract, since they had previously sold the timber on a portion of the land to another party, and the timber had not been removed at the time of the contract to sell to Burbridge. Hence Burbridge refused to make any additional payments unless the Sutterfields would make proper arrangements so that Burbridge, the purchaser, would not only get title to the land itself but the timber standing on the land. Later Burbridge filed suit against the Sutterfields for breach of contract, but a non-suit was taken. Subsequently Burbridge filed this suit in the chancery court to enforce the terms of the contract, asking for specific performance, with the alternative prayer that if title to said lands could not be conveyed to the plaintiff according to the terms of the agreement, the defendants be required to make restitution to the plaintiff of the $200 down payment plus $405 as damages.

The Sutterfields, defendants in the lower court, filed a motion which in effect was a plea in abatement, giving rise to the issue of whether in filing the first suit for damages, Burbridge had made his election of remedies and was thereby precluded from maintaining an action for specific performance. There was a decree for the

856

plaintiff for the sum of $200, and from that decree comes this appeal.

Appellants are correct in their contention that since Burbridge had made his election of remedies and sued for damages, he could not thereafter shift his ground and sue for specific performance, although he had taken a non-suit in the suit asking for damages. *Belding* v. *Whittington,* 154 Ark. 561, 243 S. W. 808, 26 A. L. R. 107. However, here there is the alternative plea for restitution of the $200 down payment and also $405 damages. This part of the complaint asking for restitution and damages is not inconsistent with the suit previously filed; therefore the trial court treated the pleadings in this case asking for specific performance as surplusage and rendered a decree for $200, but allowed no other damages. There is no cross appeal from the court's action in allowing only $200 damages.

We cannot say the chancellor's decree allowing the $200 is contrary to a preponderance of the evidence.

Affirmed.