BIGGER v. GLASS.

5-880                                    290 S. W. 2d 641

Opinion delivered May 28, 1956.

*Josh McHughes,* for appellant.

*Cooper Jacoway,* for appellee.

ED. F. McFADDIN, Associate Justice. Appellee filed this suit against appellant, originally praying for specific performance, but subsequently changed the prayer into a claim for damages; and such change is one of the

grounds on which appellant relies for reversal of the decree, awarding damages to appellee.

Appellee, Glass, owned a house and lot at "924 South Oak Street, Little Rock, Arkansas." On December 1, 1953, appellant, Bigger, made a written offer to buy the property (described as quoted) for $11,000.00 cash. The next day, December 2nd, he increased the offer to $11,500.00, which Glass and his wife[1] accepted. In the second offer, Bigger described the property as "924 S. Oak Street" and failed to add "Little Rock, Arkansas." Appellee complied with all the terms of said offer and tendered to Bigger a deed conveying a good title; but Bigger refused to fulfill his offer. Thereupon, Glass sued Bigger for specific performance. Originally he sued only on the offer of December 2nd; but when Bigger demurred on the ground that "924 S. Oak Street" did not adequately identify the property, Glass amended his complaint in an effort to have the offer of December 1st (in which the property was described as "924 S. Oak Street, Little Rock, Arkansas") used to complete the description of the property. He claimed that both offers were a part of the series of negotiations dealing with the property that resulted in the contract of December 2nd. Bigger demurred to the amended complaint and the Trial Court overruled his demurrer.

After realizing that Bigger was adamant in refusing to perform the agreement, Glass sold the property to a third person for $10,250.00, which was $1,250.00 less than the amount stated in Bigger's offer of December 2nd. Glass then amended his complaint, alleging the sale and giving credit for the amount received, and prayed a money judgment for the deficit. Bigger then renewed the earlier demurrer on the description issue, and also demurred on the further contention that Glass, in selling the property, had abandoned his original suit, and that such abandonment prevented him from suing for money damages. The Trial Court overruled the second demurrer as amended. Bigger refused to plead fur-

---

[1] Mrs. Glass was a party to this litigation, but for convenience we refer to Glass and wife as "appellee."

ther; the Court took testimony and gave Glass judgment against Bigger; and this appeal ensued.

We forego a discussion as to whether the first offer (which said "924 S. Oak Street, *Little Rock, Arkansas*") could be used to complete the description in the second offer (which omitted "Little Rock, Arkansas")[2], because we are convinced that the original suit for *specific performance* constituted an *election of remedies* and prevented the plaintiff from subsequently seeking damages. The rule on Election of Remedies is stated in 18 Am. Jur. 129, *et seq.*, to be that: "... where an aggrieved party has two remedies by which he may enforce inconsistent rights growing out of the same transaction and, being cognizant of his legal rights and of such facts as will enable him to make an intelligent choice, brings his action by one of the methods . . . he shall not thereafter adopt the alternate remedy, for a suitor cannot pursue a remedy which predicates his case upon one theory of right and thereafter seek a remedy inconsistent with such prior proceeding."

In 18 Am. Jur. 133, the text says:

"Stated briefly, the essential conditions or elements of election of remedies are: (1) the existence of two or more remedies; (2) the inconsistency between such remedies; and (3) a choice of one of them."

We test the case at bar by these three essentials.

I. *Existence Of Two Or More Remedies.* It is obvious that when Bigger refused to perform the contract of purchase, Glass could have relied on the contract and sued—as he originally did—for specific performance; or, he could have treated the contract as broken by Bigger, and proceeded — as he subsequently attempted — to recover damages. The case of *Belding* v. *Whittington,* 154 Ark. 561, 243 S. W. 808, 26 A. L. R. 107, subsequently to be discussed, declares the existence of two remedies in a situation such as is here involved: so this element is present in this case.

---

[2] In the recent case of *Ray* v. *Robben*, 225 Ark. 824, 285 S. W. 2d 907, we discussed the validity of descriptions which referred to the property by street number in a named city.

I. *Inconsistency Between Such Remedies.* This brings us to the question as to whether a suit for specific performance is inconsistent with an action for damages[3]. The case of *Belding* v. *Whittington*, 154 Ark. 561, 243 S. W. 808, 26 A. L. R. 107, points the way to our present holding. The facts in that case were: that Whittington duly contracted to sell certain real estate to Belding and then refused to perform the contract; that Belding first filed action against Whittington for damages; that Belding later dismissed the damage claim and then filed suit in equity for specific performance of the contract. We held that the filing of the action for damages was an *election of remedies* that prevented the subsequent filing of the suit for specific performance. This Court there quoted from Elliott on Contracts:

" 'It is the doctrine of election of remedies that one having the choice of two or more inconsistent remedies for his relief is bound by his selection of the remedy he will pursue, and he cannot thereafter avail himself of the other remedies . . . So, where the party brings an action at law for damages for the breach, he cannot thereafter maintain a suit in equity to enforce specific performance.' "

This Court then summarized our holding:

"We conclude therefore that the appellants are barred from maintaining this action for specific performance of the contract because they first elected to prosecute an action for damages for a breach thereof."

The case of *Belding* v. *Whittington* holds that an action for damages is inconsistent with a suit for specific performance. The question here is whether the converse is true: i. e., is a suit for specific performance inconsistent with an action for damages on the same contract? Stripped of all legal niceties, the matter is simply this: when Glass asked specific performance he was offering to surrender the property to Bigger for the full amount of money contracted. When Glass asked

---

[3] Of course, there are some rare situations in which the court can award damages in a specific performance suit, as where there has been a partial failure of title or property; but no such situation is here presented. See 49 Am. Jur. 195, *et seq.*

damages, he was keeping the property and seeking damages. Certainly keeping the property is inconsistent with surrendering the property[4]. Other courts have held that a suit for specific performance is an election of remedies so as to prevent a subsequent action for damages on the same contract. In *Christman* v. *Rinehart* (Idaho), 270 P. 1059, the Supreme Court of Idaho used this language:

"Having elected the remedy of specific performance, plaintiff cannot now maintain the present action for damages, or rescission, since they are inconsistent remedies. See 20 C. J. p. 26, § 18; *Whitley* v. *Spokane & Inland Ry. Co.*, 23 Idaho 642, 132 P. 121; *Largilliere Co.* v. *Kunz*, 41 Idaho 767, 244 P. 404; *Otto* v. *Young*, 227 Mo. 193, 127 S. W. 9, page 18, par. 7; 25 Cal. Jur. p. 707."

In *Riley* v. *Cumberland . . . Rd. Co.*, 234 Ky. 707, 29 S. W. 2d 3, the Court of Appeals of Kentucky, in holding that specific performance was inconsistent with an action for damages, used this language:

"In the case of *Zutterling et al.* v. *Drake*, 10 Ohio Cir. Ct. (N. S.) 167, 30 Ohio Cir. Dec. 561, the court in stating the question before it said that under the contract set up the plaintiffs originally had two remedies for the enforcement of their rights against the defendant. One was an action on the contract for specific performance; the other was a suit at law for damages for

---

[4] There were filed by Glass an original complaint and two amendments. The prayer of the original complaint was: "Wherefore, plaintiffs pray that the defendants be required to pay to the plaintiffs said sum of $11,500.00 and that the plaintiffs be given judgment against the defendants and each of them in the sum of $11,500.00. Plaintiffs pray for their costs expended herein and for all other proper relief." The prayer of the first amendment to the complaint was: "Wherefore, plaintiffs renew their prayer for the relief prayed in the original complaint." The prayer of the second amendment to the complaint (which was the amendment asking damages instead of specific performance) said: "Wherefore, plaintiffs pray. in lieu of the relief prayed in the complaint as first amended, that plaintiffs be given judgment against the defendants jointly and severally in the sum of $2,008.20 and that said sum of $2,008.20 bear interest at the rate of six per cent per annum from the date of this second amendment until same with interest thereon has been paid in full. Plaintiffs pray for their costs expended herein and for all other proper relief." So the plaintiff, by changing the prayer of his complaint, apparently recognized the inconsistency between specific performance and damages.

breach of the contract. It was held that having elected to pursue the remedy of specific performance it was too late thereafter to institute a suit for damages. The court based the opinion on 7 Encl. Pleading & Practice, page 364. The opinion in the above case was cited with approval in the case of *Lee et al.* v. *Thoma,* 17 Ohio (N. S.) 144, 1 Ohio App. 384. Appellee cites the case of *Belding et al.* v. *Whittington et al.,* 154 Ark. 561, 243 S. W. 808, 26 A. L. R. 107. The opinion supports the position taken by counsel for appellee.''

In 28 C. J. S. 1072, ''Election of Remedies,'' Sec. 6, the foregoing cases, as well as others, are cited to sustain this textual statement:

''Other authority holds that damages and specific performance are alternative inconsistent remedies and, consequently, that a party electing the remedy of specific performance cannot thereafter maintain an action for damages.''

We, therefore, conclude that the remedies of specific performance and damages for breach of contract are inconsistent remedies; and thus, the second element, in the rule of election of remedies, is present in this case.

III. *The Choice Of A Remedy.* The remaining question is whether the plaintiff made an *irrevocable* choice when he filed his suit and prayed for specific performance. In many jurisdictions, merely filing a specific performance suit is not considered an irrevocable choice, for that suit may be dismissed without prejudice and then a damage action may be filed[5]. This is no longer an open question in Arkansas, for we have a line of cases all holding that the filing of the suit is the act

---

[5] In 26 A. L. R. 111, in the Annotation following our own case of *Belding* v. *Whittington,* the annotator cites cases from several states which hold that the mere filing of an action or suit does not constitute irrevocable election; but the annotator there recognizes that *Belding* v. *Whittington,* and many other cases, hold that the filing of a specific performance suit is an irrevocable election. Besides the cases cited in the Annotation as so holding, we mention the following: *Levy* v. *Mass. Co.,* (N. J.), 2 A. 2d 341; *Kline* v. *Myriad Pictures,* 207 N. Y. S. 109; and see also cases cited in the Annotation in 6 A. L. R. 2d 10 *et seq.* For a recent case on Election of Remedies, see *Thompson* v. *Phillips,* 225 Ark. 736, 284 S. W. (2) 842.

of irrevocable election. In *Belding* v. *Whittington, supra,* the matter was surveyed in detail, and we there said:

"We believe the better reason is to hold one to a deliberate choice once made between inconsistent remedies, where that choice involves nothing more than the determination by the party as to which of two remedies will best subserve his purpose. Certainly this doctrine has the merit of preventing one who is about to hale another into court from making a capricious choice between inconsistent remedies which he may pursue. Because he knows that whatever course he elects to pursue he will not thereafter be allowed to shift his ground, unless he can show that his election was based upon a mistake of material facts."

In *Roy* v. *Notestine,* 216 Ark. 447, 226 S. W. 2d 66, and in *Sutterfield* v. *Burbridge,* 223 Ark. 854, 268 S. W. 2d 900, we reiterated and followed our holding in *Belding* v. *Whittington*; and in each case held that the *filing* of the proceeding constituted an irrevocable election.

So we conclude that appellee, Glass, by filing the specific performance suit, made an irrevocable election of his remedies arising out of his dealings with Bigger, and could not later convert the specific performance suit into a claim for damages. The decree of the Chancery Court is reversed and the cause is dismissed.

Justice MILLWEE not participating. Justice GEORGE ROSE SMITH concurs. Justice WARD dissents.