EASTBURN v. GALYEN.

5-1570                                          313 S. W. 2d 794

Opinion delivered May 19, 1958.

[Rehearing denied January 23, 1958.]

*Rose, Meek, House, Barron & Nash,* for appellant.

*Nabors Shaw,* for appellee.

PAUL WARD, Associate Justice. This same subject matter comes to us on appeal for the second time. The opinion on the first appeal was delivered March 11, 1957, and will be found in 227 Ark. 506, 300 S. W. 2d 10. A brief statement of the facts, pleadings, and result of that case is necessary to an understanding of the issue on this appeal.

On April 20, 1956, appellant, John M. Eastburn, purchased the Seven Valley Cheese Plant, located at Mena, from appellee, L. A. Galyen, for the purchase price of $45,000. A down payment of $10,000 was made by Eastburn, and he was to pay the balance in monthly installments of $500. The payments were not made, and some months later Galyen filed suit in the chancery court for the balance due on Eastburn's note and to foreclose the mortgage on the cheese plant. Eastburn filed an answer in which he sought a recision of the purchase agreement on the ground that he and his wife had been induced to purchase the cheese plant by fraudulent representations of Galyen and his agents. From a decree in favor of Galyen, Eastburn appealed to this Court, where we held, in effect, that Eastburn had, by his acts, waived any misrepresentations that may have been made to him. See the *Eastburn* case, *supra.*

After the above mentioned disposition of the first litigation, on May 23, 1957 Eastburn and his wife filed a complaint in the circuit court against the said L. A. Galyen for special and exemplary damages based on the same, or essentially the same, allegations of fraud and misrepresentations which were relied on as a defense to the original foreclosure suit. To the above complaint Galyen filed an answer, later treated by the trial court as a demurrer, in which he pleaded estoppel based on the former litigation, setting forth, as exhibits, copies of the former decree, the opinion of this Court in the former case, and this Court's mandate therein. The trial court dismissed the complaint, holding that Eastburn's claim was "barred by the doctrine of *res judicata.*"

We think the trial court was correct in dismissing the complaint. When the foreclosure suit was filed against Eastburn, there was available to him as a defense a choice of two remedies. One was to accept title to the cheese plant and sue Galyen for the damage he had been caused by the alleged misrepresentations. The other remedy called for a rejection of title to the property, and a petition for recision of the sale and a refund of the purchase money which had been paid. When Eastburn elected to pursue the latter remedy, he was thereby precluded from later resorting to former remedy. All the essential conditions or elements applicable to the rule relating to election of remedies are present in this particular case: (a) Both remedies were available to appellants, (b) they are inconsistent, (c) they are based on the same state of facts, (d) the same parties were involved in both suits, and (e) appellants were not mistaken as to the existence of any material facts.

In the case of *Bigger* v. *Glass,* 226 Ark. 466, 290 S. W. 2d 641, the Court approved, and commented on, three essential elements: (1) The existence of two or more remedies, (2) the inconsistency between such remedies, and (3) a choice of one of them. There is, we think, no doubt that all of these elements are present in the case under consideration: (1) When Galyen

brought the foreclosure suit, Eastburn could have sought—as he did—a recision of the purchase contract and a return of the money he had already paid to Galyen, or he could have accepted the sale and asked for damages. (2) It was inconsistent for Eastburn to offer to return title to the cheese plant to Galyen, as he did in the first suit, and retain title in himself, as he had to do in the present suit. On this point the opinion in the *Bigger* case, *supra,* contains this statement:

". . . Stripped of all legal niceties, the matter is simply this: when Glass asked specific performance he was offering to surrender the property to Bigger for the full amount of money contracted. When Glass asked damages, he was keeping the property and seeking damages. Certainly keeping the property is inconsistent with surrendering the property . . ."

(3) It is clear under our many decisions that Eastburn made an irrevocable choice of remedies when he filed his answer in the foreclosure suit seeking a recision. Again we quote from the *Bigger* case for language that bears directly on this point:

". . . In many jurisdictions, merely filing a specific performance suit is not considered an irrevocable choice, for that suit may be dismissed without prejudice and then a damage action may be filed. This is no longer an open question in Arkansas, for we have a line of cases all holding that the filing of the suit is the act of irrevocable election . . ."

We can see no rational difference in this connection, between filing an answer and filing a complaint. Eastburn might have brought a suit for a recision before the Galyens brought the foreclosure suit, but the result obviously would have been the same. Also, under this view it is immaterial that Eastburn, under our former decision, did not have a decision on the merits of his allegations, because his election of remedies was made when his answer was filed.

Practically the same rules set forth above were announced in the case of *Belding* v. *Whittington,* 154 Ark.

561, 243 S. W. 808, which opinion is extensively quoted in the *Bigger* case, *supra*. It was there indicated that Belding would not have been bound by his election of a remedy if he could show "that his election was based upon a mistake of material facts." As stated before, Eastburn does not here contend that he was mistaken as to any material facts. The Court also said, in speaking of the doctrine of election of remedies: "Certainly this doctrine has the merit of preventing one who is about to hale another into court from making a capricious choice between inconsistent remedies which he may pursue."

We have read with care the numerous cases and authorities presented in appellants' able brief, but we find nothing to compel a conclusion different from the one we have reached. Appellants stress the holding in *Harris* v. *Whitworth, Admr.*, 213 Ark. 480, 211 S. W. 2d. 101, and the cases cited therein. There the principal issue was *res judicata,* and it is disclosed that, in the two actions involved, each did not depend on the same proof, and different parties were involved in both. Appellants cite Restatement, Judgments § 62, and Restatement Contracts § 383, to the effect that the remedy relied on as a bar must have been available to the elector. However, we see no application of that principle here because the remedy which appellants now seek to invoke was available to them in the foreclosure suit.

By what we have said heretofore we do not mean to imply that appellants might not also be barred from maintaining this present action under the doctrine of *res judicata.* This doctrine appears to be the one relied on by the trial court, but the result was the same as the result reached by us, and its decree should be, and it is hereby, affirmed.

Affirmed.

GEORGE ROSE SMITH, J., not participating.