Danny ROACH *v.* CONCORD BOAT CORP.

94-40                                                                          880 S.W.2d 305

Supreme Court of Arkansas
Opinion delivered July 5, 1994

*B. Dale West*, for appellant.

*Rogers Cockrill*, for appellee.

DONALD L. CORBIN, Justice. Appellant, Danny Roach, appeals a judgment of the Pulaski Chancery Court awarding him $560.00 damages associated with a boat he purchased from appellee, Concord Boat Corporation. The judgment also awarded appellee $86.60 on a counterclaim for repair services and ordered the serial number and model year changed on the boat. Appellee filed a cross-appeal, arguing the proof of damages was insufficient. We reverse and remand on direct appeal and on cross-appeal.

Appellant purchased what he thought was a 1991 model boat, motor and trailer from appellee on July 24, 1991. Appellant claims that during price negotiations, appellee's vice-president, Fritz Hawkins, represented the boat to be a 1991 model boat. In June

and July of 1992, appellant had the motor repaired and learned that 1991 parts would not fit the motor, although 1990 parts would fit. Appellant also learned the actual serial numbers on his boat indicated it was a 1990 model, not a 1991 model. Appellant alleged the discrepancy in serial numbers would prevent him from renewing the boat's annual registration with the Department of Finance and Administration. Appellant tendered the boat back to appellee, but appellee refused to accept it.

Appellant then filed suit in Pulaski Chancery Court alleging fraud and claiming compensatory and punitive damages; appellant also alleged mistake and requested rescission of the contract and restitution of the purchase price. The chancellor did not make separate findings of fact and conclusions of law as contemplated in ARCP Rule 52(a). However, she did enter an order finding appellant had not proven fraud, but awarding him $560.00 in damages based on the difference in the list prices of a 1990 model and 1991 model. The order further directed that the model and serial numbers and registration be changed to reflect that the boat was a 1990 model. As his sole point for reversal, appellant contends the trial court erred in finding insufficient evidence of fraud. We agree with appellant's argument and reverse and remand.

■■ The tort of fraud, misrepresentation, or deceit consists of five elements which must be proven by a preponderance of the evidence: (1) a false representation of material fact; (2) knowledge that the representation is false or that there is insufficient evidence upon which to make the representation; (3) intent to induce action or inaction in reliance upon the representation; (4) justifiable reliance on the representation; and (5) damage suffered as a result of the reliance. *Wheeler Motor Co.* v. *Roth,* 315 Ark. 318, 867 S.W.2d 446 (1993). This court has held many times that there may be constructive fraud, or fraud in the law, even when there is a complete absence of any moral wrong or evil intention. *See e.g., Cardiac Thoracic & Vascular Surgery, P.A. Profit Sharing Trust* v. *Bond,* 310 Ark. 798, 840 S.W.2d 188 (1992). It is also well settled that representations are construed as fraudulent when they are made by someone who, unaware of their falsity, asserts them to be true. *South County, Inc.* v. *First Western Loan Co.,* 315 Ark. 722, 871 S.W.2d 325 (1994); *Bond,* 310 Ark. 798, 840 S.W.2d 188. Thus, to rescind a contract based on fraud, it is not necessary that actual fraud exist, it is sufficient if constructive fraud exists. *Id.*

Although we review chancery cases *de novo*, we do not reverse a chancellor's findings unless clearly erroneous. ARCP Rule 52(a); *Milligan* v. *General Oil Co.*, 293 Ark. 401, 738 S.W.2d 404 (1987). In the present case, we must conclude the trial court was clearly erroneous in finding no fraud occurred. Appellant testified he did not bargain for a 1990 model boat and that because Mr. Hawkins told him it was a 1991 model, he thought he was buying a 1991 model. Appellant received a manufacturer's certificate of origin from appellee stating a 1991 serial number and that the boat was a 1991 year model. After learning that 1991 parts would not fit his boat, appellant discovered the actual serial number on his boat was a 1990 serial number. Once notified of that fact, Mr. Hawkins testified that he retrieved the boat from the repair shop and updated the serial number.

Mr. Hawkins admitted that he represented the boat to be a 1991 model boat. He testified that the production order for appellant's boat initially reflected the serial number to be CKL90636F990, but also reflected his handwritten note that the CKL90636F990 number was wrong and should be changed to CKL91636F991. Mr. Hawkins's note on the production order explained that the need for the change was the result of the changeover in the model years from 1990 to 1991. Mr. Hawkins testified that one of their employees either simply made a mistake in imprinting the serial number on appellant's boat or did not follow his handwritten note on the production order. Mr. Hawkins also testified that after learning of the discrepancy in serial numbers on the statement of origin and the boat, he wrote the Coast Guard requesting permission to change the serial number on appellant's boat to CKL91636F991.

The foregoing proves constructive fraud by a preponderance of the evidence, and the chancellor's finding to the contrary is clearly erroneous. In deferring to the chancellor's superior position to judge the credibility of the witnesses and the evidence, we can only assume the chancellor did not find any intentional wrongdoing on appellee's part and therefore did not find fraud existed. However, we cannot overlook the undisputed evidence that Mr. Hawkins represented the boat to be a 1991 model. Appellant's boat simply could not have been a 1991 model as 1991 parts would not fit it. Moreover, the serial numbers on the boat did not indicate it was a 1991 model until appellee

retrieved the boat from the repair shop and changed them. The year model of the boat was misrepresented to appellant which amounts to a material misrepresentation upon which appellant justifiably relied to his detriment. *See Wheeler Motor Co.*, 315 Ark. 318, 867 S.W.2d 446. In the absence of intentional wrongdoing, this amounts to constructive fraud, which was proved by a preponderance of the evidence. Accordingly, the chancellor's finding that fraud had not been proven is reversed and remanded.

On cross-appeal, appellee contends appellant did not offer sufficient proof of damages. Appellant offered evidence that the manufacturer's list price of a 1990 model boat was $13,200.00, and the manufacturer's list price of a 1991 model boat was $13,760.00. Based on that evidence, the chancellor awarded appellant $560.00 in damages. Appellee cites Ark. Code Ann. § 4-2-714 (Repl. 1991) and contends the proper measure of damages for breach of warranty is the difference at the time and place of acceptance between the value of the boat accepted and the value of the boat if it had been as warranted. Appellee admits there was evidence of the value of the boat as it was warranted at the time and place of acceptance. However, appellee argues there was no evidence of the value of the boat that appellee actually accepted at the time and place of acceptance. In other words, appellee contends there was no evidence of the value of a 1990 model boat on the date of purchase, July 24, 1991; the only evidence concerning a 1990 model boat was the manufacturer's list price for a new 1990 boat in 1990, not a new 1990 boat in 1991. Because appellant did not present specific proof of his damages, appellee contends the damages must be reversed.

We agree that the party claiming damages has the burden of proving those damages beyond speculation. *Minerva Enterprises, Inc.* v. *Howlett*, 308 Ark. 291, 824 S.W.2d 377 (1992). However, we do not agree that the Code's remedy for breach of warranty as stated in section 4-2-714 is the only appropriate measure of damages for appellant as a buyer of goods. When both fraud and breach of contract are pled, the Code provides and this court has held, that a buyer may pursue but not recover both revocation of acceptance under the Code, sometimes referred to as common law equitable rescission with restitution, and damages for breach of warranty. *Smith* v. *Walt Bennett Ford, Inc.*, 314 Ark. 591, 864 S.W.2d 817 (1993); Ark. Code

Ann. §§ 4-2-711, –714 (Repl. 1991). Appellant was entitled to present evidence to support a recovery under both remedies and then elect between them. *Id.* In *Walt Bennett Ford*, 314 Ark. at 601-03, 864 S.W.2d at 826-28, we established guidelines for determining the appropriate affirmance or disaffirmance remedy, depending upon the facts of each particular case. Because appellant offered evidence of both disaffirmance and affirmance remedies, we cannot conclude his proof of damages was insufficient. Therefore, we reverse and remand on cross-appeal.

■■ Because appellant included a request for rescission in his complaint and presented evidence to support that claim, the equity court had jurisdiction of the fraud claim pursuant to the clean-up doctrine. *Liles* v. *Liles*, 289 Ark. 159, 711 S.W.2d 447 (1986). That does not mean, however, that the equity court must completely disregard equitable remedies in favor of legal remedies when acting pursuant to the clean-up doctrine. *Smith* v. *Eastgate Properties, Inc.*, 312 Ark. 355, 849 S.W.2d 504 (1993). Although the usual practice is to conclude a case with only one trial, this court has remanded cases to equity courts for further proceedings, including the hearing of additional evidence, when justice demands. *Wasp Oil, Inc.* v. *Arkansas Oil & Gas, Inc.*, 280 Ark. 420, 658 S.W.2d 397 (1983). Justice demands that we remand a case to equity for further proceedings when a party has suffered some damage, but the trial court's award of damages was not supported by findings of fact or other explanation apparent to us on appeal. *See id.* Here, appellant proved constructive fraud by a preponderance of the evidence and is therefore entitled to a remedy. Due to the lack of explanation by the chancellor, we are unable to determine why she disregarded the available equitable remedies and awarded damages. Justice therefore demands that appellant's case be reversed and remanded for the chancellor to make the requisite findings, and to receive additional evidence if necessary, to award appellant a proper remedy. Finally, we observe that because equity courts generally do not enforce penalties, when one proceeds in equity where he or she had an adequate remedy at law, he or she is held to have waived any right to punitive damages. *Stolz* v. *Franklin*, 258 Ark. 999, 531 S.W.2d 1 (1975). Thus, the chancellor did not err in refusing to award punitive damages.

The judgment is reversed and remanded on both direct appeal and cross-appeal for findings and conclusions consistent with this opinion.

HOLT, C.J., and DUDLEY and NEWBERN, JJ., dissent.

ROBERT H. DUDLEY, dissenting. Plaintiff, Danny Roach, filed suit in chancery court against defendant, Concord Boat Corporation. Plaintiff's complaint contained counts alleging deceit and mistake. Defendant did not file a motion asking that plaintiff be required to elect between the inconsistent remedies for these causes of action, rather it filed a counterclaim for an account stated, an action cognizable at law. The chancellor did not rule on the mistake count asking for rescission, but ruled on plaintiff's deceit count asking for damages and the defendant's counterclaim. The majority opinion reverses on both direct appeal and cross-appeal on matters cognizable at law and remands to chancery court for a new trial on those law matters. I dissent.

## I.

Plaintiff's complaint contained counts for inconsistent, or repugnant, remedies. In the first count, the deceit count, he sought to treat the contract as binding and fully in force and asked for both compensatory and punitive damages for the deceit that caused him to enter into the binding contract for the purchase of the boat. However, in the second count, the rescission count, he contended that due to a "mistake of material fact" he was "entitled to rescission of the contract for sale of the boat, and return of the purchase price plus interest." In the first count, he sought damages as a result being tortiously induced to enter a binding contract, and in the second count he sought to rescind the contract and the return of his consideration. He sought a double redress for a single wrong. It is well settled that a purchaser must elect between inconsistent, or repugnant, remedies. A case in point is *Eastburn* v. *Galyen*, 229 Ark. 70, 313 S.W.2d 794 (1958). In that case, Eastburn purchased a cheese plant from Galyen. In discussing Eastburn's options, we wrote that he had a choice of one of two inconsistent remedies:

> One was to accept title to the cheese plant and sue Galyen for the damage he had been caused by the alleged misrepresentations. The other remedy called for a rejection of

title to the property, and a petition for recision of the sale and a refund of the purchase money which had been paid. When Eastburn elected to pursue the latter remedy, he was thereby precluded from later resorting to former remedy. All the essential conditions or elements applicable to the rule relating to election of remedies are present in this particular case: (a) Both remedies were available to appellants, (b) they are inconsistent, (c) they are based on the same state of facts, (d) the same parties were involved in both suits, and (e) appellants were not mistaken as to the existence of any material facts.

In the case of *Bigger* v. *Glass*, 226 Ark. 466, 290 S.W.2d 641, the Court approved, and commented on, three essential elements: (1) The existence of two or more remedies, (2) the inconsistency between such remedies, and (3) a choice of one of them.

*Eastburn,* 229 Ark. at 71, 313 S.W.2d at 795.

The requirement of election of inconsistent remedies is a prohibition against more than one recovery on inconsistent remedies. *Westark Specialties, Inc.* v. *Stouffer Family Ltd. Partnership*, 310 Ark. 225, 232, 836 S.W.2d 354, 357 (1992). It is not a requirement that a plaintiff plead only one cause of action, and it is not applicable to counts involving consistent remedies. A plaintiff may pursue as many consistent, or concurrent, or cumulative remedies as exist, but he may have only one satisfaction of the debt. See *Davis* v. *Lawhon*, 186 Ark. 51, 52 S.W.2d 887 (1932), for a list of cases to that time so holding. As an example of consistent or concurrent remedies, in the case at bar, the plaintiff in count one, the deceit count, sought damages for the tort of deceit and breach of contract, and such was entirely proper as they are consistent with a remedy for a binding contract.

## II.

Circuit court has subject matter jurisdiction of all actions for redress of civil wrongs except when exclusive jurisdiction is given to some other court. Ark. Const. art. 7, § 11 & Ark. Code Ann. § 16-13-201 (Repl. 1994). Jurisdiction of tort actions has never been given to chancery court by the General Assembly. Count one of the complaint is labeled in the majority opinion as

being for the "tort of fraud, misrepresentation, or deceit." Historically, the action has been labeled the tort of deceit. See *MFA Mutual Ins. Co.* v. *Keller*, 274 Ark. 281, 623 S.W.2d 841 (1981), for discussion of the history of the tort. The cause of action has always been cognizable in a court of law. *See Bagley* v. *Shoppach*, 43 Ark. 375 (1884); *Wheeler Motor Co.* v. *Roth*, 315 Ark. 318, 867 S.W.2d 446 (1993), *but see Nicholson* v. *Century 21*, 307 Ark. 161, 818 S.W.2d 254 (1991), which was most likely based on the equitable remedy of indemnity. Thus, circuit court has subject matter jurisdiction of the cause of action for deceit.

The counterclaim of the defendant is for recovery on an uncomplicated account stated. Equity has no jurisdiction of an account action when the account is not complicated and difficult. *Arkadelphia Milling Co.* v. *Barker*, 109 Ark. 171, 159 S.W. 208 (1913). Thus, the circuit court had subject matter jurisdiction of the cause of action for the tort of deceit and the account stated.

On the other hand, chancery court has subject matter jurisdiction of actions for equitable rescission. *Smith* v. *Walt Bennett Ford, Inc.*, 314 Ark. 591, 864 S.W.2d 817 (1993). Thus, subject matter jurisdiction of plaintiff's second count was in chancery court.

### III.

The majority opinion provides that because plaintiff "included a request for rescission in his complaint and presented evidence to support that claim, the equity court had jurisdiction of the fraud claim pursuant to the clean-up doctrine. *Liles* v. *Liles,* 289 Ark. 159, 711 S.W.2d 447 (1986)."

*Liles* does not support the statement in majority opinion. Rather, it provides that chancery court has jurisdiction over tort claims only when they are "incidental for the purpose of exercising the clean-up doctrine." Id. at 174. In the case at bar, the deceit action is not incidental to the rescission action. Instead, it is inconsistent with the rescission action. The equitable remedy of rescission cannot logically give rise to the inconsistent remedy of deceit. There is no nexus whatsoever. An inconsistent remedy cannot logically give rise to the clean-up doctrine.

## IV.

Chancery court had subject matter jurisdiction of the count for rescission that alleged mistake. Circuit court had subject matter jurisdiction of the count for deceit that asked for damages. The issue is whether the plaintiff made an election of remedies when he filed the counts for inconsistent remedies in chancery court. There are no cases in point, but one is close, and its reasoning gives guidance. In *Belding* v. *Whittington*, 154 Ark. 561, 243 S.W. 808 (1922), Belding agreed to sell the Plateau Hotel in Hot Springs to Whittington and Wootton. Belding sued Whittington, Wootton, and Wootton's wife in circuit court and alleged that Whittington and Wootton had refused to pay the remainder of the purchase price and that they and Wootton's wife had sold the hotel to a third party. Belding alleged a breach of the contract and asked the circuit court to award damages for the breach of contract. Belding subsequently dismissed the circuit court suit without prejudice. He then filed a suit in chancery court and asked for specific performance of the contract. With regard to inconsistent remedies, we said:

> An action at law for damages growing out of an alleged breach of contract for failure to execute a deed is inconsistent with an action in equity seeking to have the contract specifically performed by having the deed executed. One cannot maintain an action at law for damages growing out of an alleged breach of contract in failing to execute a deed and at the same time maintain an independent action in equity to require the same party to perform the contract by executing the deed.

*Belding*, 154 Ark at 565-66, 243 S.W. at 809.

We affirmed the chancery court's dismissal of the action because Belding had first filed the suit in circuit court and it had subject matter jurisdiction of the case. We said it did not matter that he had dismissed the circuit court suit. In so holding we wrote:

> We are aware that many very able courts hold that the mere bringing of an action which has been dismissed before judgment, and where no advantage has been gained by the party bringing the same, or no detriment has been occa-

sioned to the party against whom the same is brought, is no election. See cases cited in *Connihan* v. *Thompson*, 111 Mass. 370; *Otto* v. *Young*, 227 Mo. 193; and other cases cited in brief of learned counsel for appellant. But there is also excellent authority to the contrary. See cases cited in 9 R.C.L. 260, notes 1 and 5.

The doctrine of our own court is in accord with the view that where there has once been an election between alternative and inconsistent remedies not occasioned by a mistake or ignorance or material facts, but as the result of a deliberate choice of election between the two, the party making such choice cannot afterwards recant, dismiss his pending action and invoke another remedy in the same or a different forum, even though no positive disadvantage or injury has resulted to the other party. We believe the better reason is to hold one to a deliberate choice once made between inconsistent remedies, where that choice involves nothing more than the determination by the party as to which of two remedies will best subserve his purpose. Certainly this doctrine has the merit of preventing one who is about to hale another into court from making a capricious choice between inconsistent remedies which he may pursue. Because he knows that whatever course he elects to pursue he will not thereafter be allowed to shift his ground, unless he can show that his election was based upon a mistake of material facts. No such showing is presented by the facts of this record.

*Belding*, 154 Ark. at 568, 243 S.W. at 810.

In the case at bar, the plaintiff, Roach, filed the two counts asking for inconsistent remedies in chancery court. Chancery court had subject matter jurisdiction only of the mistake count requesting rescission. Under the reasoning of *Belding*, the plaintiff, in filing the action in a court with subject matter jurisdiction of the first count, the rescission count, made an election to pursue the rescission action in chancery court. The defendant answered in that court and "should not be haled into another court" to try a deceit case. Equity will have jurisdiction of the counterclaim for the account stated under the clean-up doctrine.

## V.

The majority opinion reverses this case on both direct and cross-appeal on the merits and remands for another trial on the inconsistent counts in chancery court. Such reasoning defies logic. Under our cases, the plaintiff-appellant has elected to pursue the rescission count, but the chancellor did not rule on that count. The case should be remanded for a hearing on the rescission count, and, under the clean-up doctrine, the chancery court has jurisdiction of defendant's counterclaim. The chancellor should also be made aware that the remedy of rescission can include indemnity.

For the reasons set out, I dissent.

HOLT, C.J., and NEWBERN, J., join in this dissent.