## Howard BUTLER *v.* Herman COMIC

95-215                                                918 S.W.2d 697

Supreme Court of Arkansas
Opinion delivered March 18, 1996

*Ralph Patterson*, for appellant.

*Herman Comic*, pro se.

DAVID NEWBERN, Justice. This is an appeal from a judgment in a deceit action. Howard Butler, the appellant, brought the action against the appellee, Herman Comic, who is a notary public. Mr. Butler claimed he had suffered a loss because of a

deed acknowledgment falsely notarized by Mr. Comic. Judgment was rendered in favor of Mr. Comic because there was no showing that Mr. Butler had relied on the notarization by Mr. Comic. We affirm the judgment.

The undisputed facts are as follows. Two members of the Mackintrush family, Johnny Mackintrush and his sister, presented a deed to be notarized. The quitclaim deed purported to be by ten brothers and sisters in favor of their brother "Johnny Lee Mackintrush." Mr. Comic saw only the grantor "Johnny Mackintrush" sign the deed and took the word of Johnny Mackintrush and his sister that all the signatures were valid. He notarized the instrument, stating in his certificate that all the purported grantors were known to him to be the persons whose names were subscribed to the deed and that they "personally appeared" before him to acknowledge their signatures.

Thereafter, Johnny Lee Mackintrush sold the property by warranty deed to Mr. Butler. Mr. Butler purchased a homeowner's policy from American General Property Insurance Company (American General). A fire loss occurred, and Mr. Butler claimed against the policy seeking $20,000 for loss of a dwelling, $10,000 for loss of contents, and $2,000 for living expenses.

In the course of investigating the claim, American General examined Mr. Butler's title and concluded not all of the signatures on the deed to Johnny Lee Mackintrush were valid. American General refused to pay, and Mr. Butler joined his claim against it with his claim against Mr. Comic. American General settled by paying $5,000, apparently on the basis that one or two of the signatures might have been valid, and thus Mr. Butler owned some undivided interest in the property. The claim against American General was dismissed. Mr. Butler pursued his claim for the losses against Mr. Comic.

■■ One of the five elements of the tort of deceit or fraud is "justifiable reliance on the representation"; another is "damage suffered as a result of the reliance." *Roach* v. *Concord Boat Corp.*, 317 Ark. 474, 880 S.W.2d 305 (1994); *Wheeler Motor Co.* v. *Roth*, 315 Ark. 318, 867 S.W.2d 446 (1993). Mr. Butler argues the Trial Court erred because the doctrine of constructive fraud supports his claim despite the lack of evidence of reliance.

No such argument was made to the Trial Court, so we decline to consider it. *Grandjean* v. *Grandjean*, 315 Ark. 620, 869 S.W.2d 709 (1994); *Oliver* v. *State*, 312 Ark. 466, 851 S.W.2d 415 (1993).

Mr. Butler's only other argument is that the Trial Court should have applied the doctrine of transferred intent. As with constructive fraud, we have no evidence that the doctrine of transferred intent was presented by Mr. Butler to the Trial Court. It was, however, mentioned in the judgment, so we will answer the argument briefly.

In *Fidelity Mortgage Co.* v. *Cook*, 307 Ark. 496, 821 S.W.2d 39 (1991), we explained that, although the doctrine of transferred intent is generally not applicable in cases of misrepresentation, when a document is intended to be directed to others in addition to the immediate recipient, or where it is customary for the document to be relied upon by third parties, the doctrine of transferred intent will be applied to support a case of misrepresentation. The element of the tort of deceit supplied by the doctrine is that of intent to deceive rather than that of reliance which the Trial Court found to be missing in this case.

Mr. Butler argues that anytime one purchases real property there is reliance on the chain of title. No authority is cited in support of that statement. Although Mr. Butler testified, he did not even mention having examined Johnny Lee Mackintrush's title. The Trial Court did not err in finding no evidence of reliance.

Affirmed.