STEBBINS & ROBERTS, INC. *v.* ROGERS, TRUSTEE.

5-326                                     268 S. W. 2d 871

Opinion delivered June 7, 1954.

*Moore, Burrow, Chowning & Mitchell* and *Owens, Ehrman & McHaney,* for appellants.

*Harry E. Meek,* for appellee.

ED. F. McFADDIN, Justice. We have here a motion by appellants for a Rule on the Clerk, to require him to file a record tendered on appeal (See Rule 5 of the Rules of this Court, effective January 10, 1954). The Clerk

refused the filing, in the belief that the record was tendered too late. Because this is an appeal admitted by all parties to have been attempted exclusively under Act 555 of 1953, we are delivering an opinion to discuss the applicable portions of that Act.

The controversy between the appellants and the appellee involved the validity and superiority of mechanic's liens claimed by appellants,[1] and denied by the Chancery Court. Two separate decrees—each appealable—[2] were rendered by the Chancery Court: one decree was dated April 20, 1953, and the other was dated July 9, 1953. We discuss these separately.

I. *The Decree of April 20, 1953.* In this decree there was the following language:

"And the Court being well and sufficiently advised in the premises doth order, adjudge and decree that no part of the claim of Courtney Building Material Company, Inc., Big Rock Stone & Material Company, Stebbins & Roberts, Inc., C. R. Hubbard, Arkansas Foundry Company, and/or Garner Smith, d/b/a Kraftco Building Supply Company constitutes any lien on Lot Three Hundred Fifty-eight (358) of Kingwood Place, an Addition to the City of Little Rock, Pulaski County, Arkansas, any buildings or improvements thereon, or any part thereof;
. . .

"It is further ordered, adjudged and decreed . . . that the lien of cross-complainant Glen F. Rogers, Trustee, for the amounts heretofore adjudicated in his favor constitute a lien on the property involved herein. . . .

"To all of which, Courtney Building Material Company, Inc., Big Rock Stone & Material Company and Stebbins & Roberts, Inc., and the other parties to this action who are adjudged not to have a lien on said land and improvements involved, at the time excepted and

---

[1] The appellants are Stebbins & Roberts, Inc., Big Rock Stone & Material Co., and Courtney Bldg. Material Co., Inc.

[2] That each of the decrees is appealable, see *Cooper* v. *Ryan,* 73 Ark. 37, 83 S. W. 328; *Parker* v. *Bodcaw Bank,* 161 Ark. 426, 256 S. W. 384; *McGowan* v. *Burns,* 182 Ark. 506, 31 S. W. 2d 953; and *Carnes* v. *DeWitt Bank,* 201 Ark. 1037, 147 S. W. 2d 1002.

asked that their exceptions be noted of record which is accordingly done, in which connection Courtney Building & Material Company, Inc., Big Rock Stone and Material Company and Stebbins & Roberts, Inc., pray an appeal from this decree to the Supreme Court of Arkansas, which appeal is hereby granted.''

This decree (a) denied the appellants the superiority they claimed for their liens; and (b) awarded Rogers a lien superior to appellants; and they prayed an appeal to this Court. It is repeatedly stated by appellants that they are proceeding under Act 555 of 1953, rather than under the old procedure that existed before that Act.[3] Yet we find that it was not until August 5, 1953, that appellants filed the notice of appeal, designated in § 2 of said Act 555. This notice of appeal was filed entirely too late as regards the decree of April 20, 1953.

If we should hold that the notice of appeal as contained in the last paragraph of the decree, as previously copied, was a sufficient compliance [4] with § 2 of Act 555, nevertheless, the appellants have been too late under other provisions of the said Act 555. Section 20 of the Act fixes the time for filing the record in this Court, and concludes:

''. . . but the trial court shall not extend the time to a date more than seven months from the date of the entry of the judgment or decree.''

The record was not filed in this Court until April 15, 1954, which was more than eleven months from the date of entry of the decree. So, under § 20 of Act 555, the appeal from the decree of April 20, 1953, is too late, even if § 2 be not considered.

---

[3] By order of this Court of June 8, 1953, it was provided that until further notice, litigants might appeal by either pursuing the provisions of Act 555 of 1953, or by pursuing the appellate procedure that existed prior to that Act. But by Rule 26 of the Rules of this Court issued in January, 1954, it was provided that with respect to any judgment or decree rendered *after January 10, 1954,* Act 555 of 1953 was exclusive method of appeal.

[4] We do not so hold. We leave the question open for further consideration. We merely state the possibility here in order to show that even so, this appeal is too late.

Therefore—as regards the decree of April 20, 1953 —we hold that the Clerk was correct in refusing the record tendered here on April 15, 1954.

II. *The Decree of July 9, 1953.* By this decree the Chancery Court distributed [5] the proceeds of the sale, and the decree recites:

"And defendants and cross-complainants, Courtney Building Material Company, Inc., Big Rock Stone & Material Company, and Stebbins & Roberts, Inc., object and except on account of the failure and refusal of the Court to direct payment of their respective claims from proceeds held by the Clerk of the Court as claims prior and paramount to the claim of Glen F. Rogers, Trustee, and ask that their exceptions be noted of record which is accordingly done."

On August 5, 1953, the appellants gave the notice of appeal from this decree, as provided by § 2 of Act 555; but the appellants—so far as the record here shows— never applied to the Chancery Court to enlarge the time for filing the record, pursuant to the provisions of § 20 of Act 555. Under that section, the appellants were required to either file the record in the Supreme Court within 90 days from August 5, 1953, or to apply to the Chancery Court for enlargement of the time. Neither of these requirements was observed.

Later, on October 27, 1953, the appellants filed in this Court a certified copy of the decree of July 9, 1953, and prayed that a writ of certiorari issue out of this Court for the record. [6] The writ was issued on October

_____

[5] The decree of distribution was appealable, but did not present anew the question of the lien superiority which had been determined by the decree of April 20, 1953. See the cases cited in Footnote 2, *supra.*

[6] This *certiorari* proceeding was authorized by the procedure that existed prior to Act 555. See *Bolls* v. *Craig,* 220 Ark. 880, 251 S .W. 2d 482. But attention is called to the fact that under the new rules of this Court effective January 10, 1954, there is no such provision for *certiorari* proceedings out of this Court. Such omission is significant. Furthermore, in *Bolls* v. *Craig,* it is shown that when the *certiorari* issued out of this Court, the bill of exceptions had to be approved by the Trial Court; and the bill of exceptions here tendered does not show that it has ever been so approved. See *Blackburn* v. *Ford, ante* page _____, 267 S. W. 2d 519 (opinion of April 19, 1954).

27, 1953, returnable in 20 days. It was not returned until April 15, 1954, and the Clerk thereupon refused to receive the tendered record. We have already stated that the appellants failed to obtain an extension from the Chancery Court. But appellants claim that under § 17 of Act 555,[7] they filed here within 90 days a copy of the decree of July 9, 1953; and that our certiorari was, in effect, a grant of additional time to bring up the completed record. Even if the filing of the certified copy of the decree here on October 27, 1954, gave us power to extend the time for filing the record, nevertheless the fact remains that no petition for additional time was filed in this Court, *and no additional time was granted.*

The date of the decree was July 9, 1953. Under § 20 of Act 555, the Chancery Court could not have extended the time for filing the full record in this Court past the seven months from the date of the decree; and we did not extend the time. The record was not tendered here until April 15, 1954, nine months and six days after the decree of July 9, 1953. So the record was tendered too late: and the rule on the Clerk is denied.

Mr. Justice GEORGE ROSE SMITH not participating.

---

[7] In *Malvern Brick & Tile Co.* v. *Alexander*, 222 Ark. 587, 261 S. W. 2d 798 (opinion of November 9, 1953), we discussed portions of said § 17.