GENTRY v. JETT.

5-2706                                      356 S. W. 2d 736

Opinion delivered May 7, 1962

*Sexton & Morgan,* for appellant.

*George E. Steel* and *Shaver, Tackett & Jones,* for appellee.

PAUL WARD, Associate Justice. This is a Workmen's Compensation case. Appellant (Gentry) and appellee (Jett) were both residents of Polk County, Arkansas. Appellee owned and operated a wholesale produce business. Although it has not yet been determined whether appellant's status is that of an employee or an independent contractor, for all purposes of this opinion, we will treat him as an employee of Jett. As such employee appellant drove appellee's truck to make deliveries of produce to points outside of Arkansas.

While on his way to Wichita, Kansas to deliver produce, appellant collided with a St. Louis-San Francisco Railway train in Oklahoma on June 22, 1958, receiving serious injuries. Soon thereafter appellant instigated a series of legal actions to secure redress of his injuries.

On October 3, 1958 appellant sued the railroad company in the Circuit Court of Sebastian County, Arkansas, in tort, and secured an agreed judgment in the amount of $4,500 which was promptly paid to him.

On October 4, 1958 appellant filed a claim before the Arkansas Workmen's Compensation Commission based on the same injuries. During the pendency of the claim appellant learned that appellee (although he had the required number of employees) had not secured workmen's compensation insurance. About this time appellant became a resident of Texas.

On February 11, 1959 (while his claim was still pending before the commission) appellant filed a common law tort action against appellee (for the same injuries) in the Federal District Court at Fort Smith. This suit was dismissed by final action of the Federal Court for the reasons that appellee's tort liability was controlled by the law of Oklahoma (where the tort occurred), and that under such law the recovery against the railroad company released appellee of all liability for the tort.

Following that, appellant prosecuted his claim before the Workmen's Compensation Commission with the result that the referee, the full commission and the circuit court all denied his claim, holding, in general, that the law of Oklahoma governed, that appellant had made an election, and that the Federal Court case was *res judicata*.

Appellant's arguments for a reversal are based on the following points. (1) The Workmen's Compensation law of Arkansas (and not of Oklahoma) applies; (2) The Federal Court action did not amount to an election of remedies; and, (3) The Federal Court action is not *res judicata* of his present claim.

*One.* Under the law of Oklahoma (as conceded by appellant) when appellant sued the third party (the railroad company) and recovered a judgment he was, thereby, barred from also receiving compensation under the law of Oklahoma. See Okla. Stats. Tit. 85

§ 44 (1951) and *Ridley* v. *United Sash & Door Co.*, 98 Okla. 80, 224 P. 351. This is not, however, the law in Arkansas (Ark. Stats. § 81-1340). It is conceded to be the law in Oklahoma that, in tort cases, recovery against one tortfeasor relieves all other co-tortfeasors from liability. It is also further conceded that, under the full faith and credit clause of the Federal constitution, Arkansas is bound by the Oklahoma law as it relates to torts and the effect of a recovery against one tortfeasor.

Notwithstanding the above concessions, it is appellant's contention that the constitutional clause relative to full faith and credit does not apply, under the facts in this case, to compensation claims. We have concluded that appellant's contention is meritorious and must be sustained.

In the first place there is a logical and vital difference between the nature of the liability arising from a tort and the nature of the liability arising out of Workmen's Compensation laws. The former is based on a wrongful act while the latter is based on a contractual relationship—in fact, it is also based on the public welfare. That being true, there is no sound reason why another state should be able to keep this state from discharging its contractual obligation to one of its citizens. As to when one state must give full faith and credit to laws of another state is, of course, a federal question, so we can look to such decisions for authoritative answers. The cases presently mentioned support the view already expressed.

The case of *Alaska Packers Association* v. *Industrial Accident Commission of California*, 294 U. S. 532, 55 S. Ct. 518, 79 L. Ed. 1044, dealt with a problem much like the one now under consideration. Alaska Packers owned a business in California; it hired Palma (a resident of California) to work in Alaska, where he was injured. Both Alaska and California had compensation laws under either of which Palma might possibly have recovered. Section 58 of the California Workmen's Compensation Act imposed jurisdiction "over all contro-

versies arising out of injuries suffered without the territorial limits of this state ..." When the California commission made an award to Palma, Alaska Packers insisted in the Supreme Court of California and in the U. S. Supreme Court—"that as the Alaska statute affords, in Alaska, an exclusive remedy for the injury which occurred there, the California courts denied full faith and credit to the Alaska statute by refusing to recognize it as a defense to the application for an award under the California statute". While the manner in which the question was presented to the Court may be lacking in clarity, the answers given by the Court are clear and decisive. Among others the Court made the following pronouncements:

1. "But where the contract is entered into within the state, even though it is to be performed elsewhere, its terms, its obligation and its sanctions are subject, in some measure, to the legislative control of the state. The fact that the contract is to be performed elsewhere does not of itself put these incidents beyond reach of the power which a state may constitutionally exercise." (Citing cases.)

2. "While similar power to control the legal consequences of a tortious act committed elsewhere has been denied ... the liability under workmen's compensation acts is not for a tort. It is imposed as an incident of the employment relationship, as a cost to be borne by the business enterprise, rather than as an attempt to extend redress for the wrongful act of the employer."

The Court also approved this statement:

" 'The contract creates a relationship under the sanction of the law and the same law attaches as an incident thereto an obligation to compensate for injuries sustained abroad amounting to a sort of compulsory insurance.' "

In the case of *Industrial Commission of Wisconsin et al.* v. *McCartin, et al.*, 330 U. S. 622, 67 S. Ct. 886, 91 L. Ed. 1140, both the employer and the employee were residents of Illinois where the contract of employment was entered

into. Appellee, who was injured while working in Wisconsin, first accepted a settlement from the Illinois Commission but reserved his right to apply for compensation in Wisconsin. Later appellee was refused an award by the Wisconsin courts. On appeal, by certiorari, to the U. S. Supreme Court, the issue was stated this way by the Court: "The troublesome problem that arises here is whether the compensation paid under the Illinois statute raises a full faith and credit bar to a subsequent award in Wisconsin for an additional amount." In an exhaustive opinion the Court held no such bar existed. The essence of the opinion is found in the following statement: "Illinois was the state where the parties entered into the employment contract and its legitimate concern with that employer-employee relationship permitted it to apply its own statute even though the injury occurred elsewhere." (Citing cases.)

We have carefully examined the cases relied on by appellee but find nothing in conflict with the foregoing. We do not consider the Oklahoma cases cited by appellee to be controlling. It is our consludion, therefore, that the Workmen's Compensation Commission and the trial court erred in refusing to consider appellant's claim on the ground that the accident happened in Oklahoma and that the law of that state is controlling as to the allowance of benefits.

*Two.* We have likewise concluded that appellant's suit in Federal Court did not amount to an election of remedies as contemplated under Ark. Stats. § 81-1304. Undoubtedly, under this section, if appellant had not sued the railway company, his suit against appellee in tort would have been an *election* and thereafter he could not have maintained a claim for compensation, assuming, of course, that appellant sued as an employee of Jett.

However, when appellant obtained a judgment against the railway company in tort, he thereby (under the Oklahoma law to which we must give full faith and credit, the action being in tort) released all other tortfeasors (including appellee) from liability. So, when

appellant filed his complaint against appellee in tort there was no such cause of action in existence. That being true appellant did not have two causes of action to elect between—he had only the right to claim compensation. This view, we think, is clearly announced in *Sharpp* v. *Stodghill*, 191 Ark. 500, 86 S. W. 2d 934, 87 S. W. 2d 577, where the Court approved the following statement:

" 'The general rule as to election of remedies is that where a party has a right to choose one of two or more appropriate but inconsistent remedies, and with full knowledge of all the facts of the case and of his rights, makes a deliberate choice of one, then he is bound by his election and is estopped from again electing or resorting to the other remedy, although the judgment obtained in the first action fails to afford relief to the party making the election.

" 'Election is to be distinguished from mistake in remedy. The pursuit of a remedy which one supposes he possesses, but which in fact has no existence, is not an election between remedies, but a mistake as to the available remedy, and will not prevent a subsequent recourse to whatever remedial right was originally available.' "

Also, to the same effect, see the rule as stated in 18 Am. Jur. *Election of Remedies* § 24. In Workmen's Compensation cases there appears to be an even less strict adherence to the election rule than in other cases. In II Larson, Workmen's Compensation Law § 67.22 there is the statement:

"The most troublesome question that emerges from the statute giving the employee an option to claim either common law damages or compensation from the uninsured employer is this: if the employee pursues one remedy to a fruitless conclusion, is he barred by his election from pursuing the other? The majority of cases have held that an unsuccessful damage suit does not bar a compensation claim... The theory, which has its beneficent counterpart in almost any other field of law where the harsh old Roman doctrine of election

rears its head, is that an election of a remedy which proves to be non-existent is no election at all. Election, according to this view, is a choice between two valid but inconsistent remedies; it is not the mistaken pursuit of a misconceived right when only one right in fact existed.''

We do not find anything in *Eastburn* v. *Gaylen,* 229 Ark. 70, 313 S. W. 2d 794, or in any other decision of this Court cited by appellee that conflicts with the view above expressed.

*Three.* Having reached the conclusion announced just previously, it follows that the action in the Federal Court was not *res judicata* of appellant's claim for compensation. The merits of appellant's claim for compensation were not considered or passed upon in that case.

Since the Commission failed to determine the question of fact regarding appellant's relationship to appellee—whether he was an employee or an independent contractor, the cause is remanded to the circuit court with directions to remand to the Workmen's Compensation Commission for further proceedings consistent with this opinion.