## James OWENS *v.* BILL & TONY'S LIQUOR STORE and MARYLAND CASUALTY Company

75-178                                    529 S.W. 2d 354

### Opinion delivered November 17, 1975

*James F. Dickson,* for appellant.

*Pearson & Pearson,* for appellees.

CONLEY BYRD, Justice. This litigation arises out of an altercation between appellant James Owens and W. E. House, one of the partners in appellee, Bill & Tony's Liquor Store. Appellee Maryland Casualty Company is the Workmen's Compensation Carrier. Following the altercation Owens filed a common law action against House for an intentional and malicious assault. Owens then filed a claim for compensation with the Workmen's Compensation Commission. The Commission allowed the claim and awarded compensation. On appeal to the Circuit Court the claim was dismissed on the theory that the filing of the common law action constituted an election of remedies. Owens appeals, raising only that issue. Appellees have filed in this Court a motion to

dismiss for failure to comply with Ark. Stat. Ann. § 27-2127.1 (Supp. 1973).

MOTION TO DISMISS. Appellees point out that Ark. Stat. Ann. § 27-2127.1, limits the authority of trial courts in granting of extensions to file the record on appeals to those situations where it is necessary to include transcribed testimony. We recognized the problem in *Gallman* v. *Carnes*, 254 Ark. 155, 492 S.W. 2d 255 (1973), and promulgated Supreme Court Rule 26A requiring that application for extensions be served upon opposing counsel. The record here shows that there was no transcribed testimony to be included in the record. However, within the 90 day period appellant filed a motion for extension and properly served appellees. The appellees purposely did not object to the extension and did not raise the issue here until after the action at law had been dismissed and appellant had filed his brief in this Court.

Since Ark. Stat. Ann. § 27-2106.1 (Repl. 1962), provides that the failure to file the record in this Court within 90 days, or any extension thereof, does not affect the validity of the appeal but only furnishes ground for such action as we deem appropriate, we must decide what action is appropriate. When we consider that the purpose of the restriction placed in Ark. Stat. Ann. § 27-2127.1, by Act 206 of 1971, was to eliminate unnecessary delays in the docketing of appeals, we hold that an appellee who does not object to the obtaining of such an extension at the first opportunity will be deemed to have waived the error. Nothing said herein should be construed as affecting our decisions with reference to the filing of the record after the 90 day period when no extension has been obtained or records filed beyond the seven months limit. See *Bernard* v. *Howell*, 254 Ark. 828, 496 S.W. 2d 362 (1973); *Stebbins & Roberts, Inc.* v. *Rogers, Trustee*, 223 Ark. 809, 268 S.W. 2d 871 (1954); and *West* v. *Smith*, 224 Ark. 651, 278 S.W. 2d 126 (1955).

ELECTION OF REMEDIES: The appellees, to sustain the trial court's ruling that appellant is barred by the doctrine of election of remedies, point to the reasoning of this Court in *Heskett* v. *Fisher Laundry & Cleaners Company, Inc.*, 217 Ark. 350, 230 S.W. 2d 28 (1950). In that case we held that the

Workmen's Compensation Act did not bar an employee's common law action against an employer for a malicious and intentional assault and battery. In so holding we quoted from numerous authorities, including *Boek v. Wong Hing,* 180 Minn. 470, 231 N.W. 233, 72 ALR 108 (1930), and concluded:

> ". . . We conclude that the rule laid down in *Boek v. Wong Hing, supra,* is supported by sound reasoning and that appellant is entitled to elect to either claim compensation under the compensation act or treat the willful assault as a severance of the employer-employee relationship and seek full damages in a common law action. . . ."

*Heskett v. Fisher Laundry & Cleaners Company, Inc., supra,* did not involve the issue of whether such remedies were inconsistent and, of course, is not a binding precedent on that issue.

All authorities recognize that the election of remedies doctrine is a harsh one and that it should not be unduly extended, 25 Am. Jur. 2d *Election of Remedies* § 3 (1966). The Workmen's Compensation authorities, 2 A. LARSON, Workmen's Compensation Law § 67.22 (1975), point out that the doctrine is too harsh to be applied in Workmen's Compensation cases. We pointed out in *Gentry v. Jett,* 235 Ark. 20, 356 S.W. 2d 736 (1962), that in "Workmen's Compensation cases there appears to be an even less strict adherence to the election rule than in other cases." However, we need go no further than the Workmen's Compensation Act, Ark. Stat. Ann. § 18-1318(e) (Supp. 1973), which specifically recognizes that the filing of an action at common law is not an irrevocable election of a remedy.

Furthermore, the record here shows that the same facts would support either a claim for compensation or an action at common law and that the defense would be the same to either action. Consequently, it is only by a slavish recognition of the doctrine and by a mechanical application of a fictional legal theory that it can be said that the two remedies are inconsistent.

Having determined that the doctrine of election of remedies is not applicable to Workmen's Compensation claims made subsequent to the filing of an action at law, it follows that the circuit court's order of dismissal should be reversed and the Commission's award reinstated.

Reversed and remanded with directions.

FOGLEMAN, J., dissents in part.

JOHN A. FOGLEMAN, Justice, concurring in part, dissenting in part. In 1950, Owens would have been barred from pursuing a workmen's compensation claim after having filed his suit. *Heskett* v. *Fisher Laundry & Cleaners Co., Inc.*, 217 Ark. 350, 230 S.W. 2d 28. It appears that he would have been barred in 1962. *Gentry* v. *Jett*, 235 Ark. 20, 356 S.W. 2d 736. Only today has this court even remotely suggested that the doctrine of election of remedies did not apply to a workmen's compensation claim.

Obviously, I do not agree with the majority's interpretation of *Heskett*. As I read it, it did involve the issue of inconsistency of common law and workmen's compensation remedies. The first depends upon the severance of the relationship of master and servant. The second depends upon its existence. In *Heskett*, we quoted from Horovitz on *Workmen's Compensation* in his recognition that the weight of authority gives the employee the choice of suing the employer at common law or accepting compensation. In reaching our conclusion in *Heskett*, finding the rule of *Boek* v. *Wong Hing*, 180 Minn. 470, 231 N.W. 233, 72 ALR 108, to be sound, we held, not just that the Workmen's Compensation Act did not bar the common law action, but that the employee was entitled to *elect* to *either* claim compensation under the act or treat the willful assault as a severance of the employer-employee relationship and seek full damages in a common law action. We held that Heskett had *elected* to pursue the common law action. We quoted extensively from *Boek*. Some of the language we found to constitute sound reasoning was:

\*\*\* By committing a felonious assault upon a servant the master willfully severs the relation of master and ser-

vant and should be held to have left it to the election of the servant either to consider the relation still existing and seek redress through the Compensation Act, or else to consider the relation terminated and seek redress under the common law.

How much more inconsistent could remedies be? The inconsistency is at least as great as that requiring election between specific performance of a contract and damages for its breach and as the pre-Commercial Code requirement of election between repossession of property conditionally sold and collection of the balance of the sale price. See *Sutterfield* v. *Burbridge*, 223 Ark. 854, 268 S.W. 2d 900; *Roy* v. *Notestine*, 216 Ark. 447, 226 S.W. 2d 66. Heskett would certainly have been hard put to reverse his course and seek workmen's compensation in 1950.

We said something in *Gentry* v. *Jett*, 235 Ark. 20, 356 S.W. 2d 736 that is disregarded by the majority. That was:

We have likewise concluded that appellant's suit in Federal Court did not amount to an election of remedies as contemplated under Ark. Stats. § 81-1304. Undoubtedly, under this section, if appellant had not sued the railway company, his suit against appellee in tort would have been an *election* and thereafter he could not have maintained a claim for compensation, assuming, of course, that appellant sued as an employee of Jett. However, when appellant obtained a judgment against the railway company in tort, he thereby (under the Oklahoma law to which we must give full faith and credit, the action being in tort) released all other tortfeasors (including appellee) from liability. So, when appellant filed his complaint against appellee in tort there was no such cause of action in existence. That being true appellant did not have two causes of action to elect between — he had only the right to claim compensation. ***

That is the holding in *Gentry* in capsule. I agree that a different result would have been an unwarranted extension of the doctrine of election of remedies, but there is clear recogni-

tion in *Gentry* that a tort suit against the employer would have barred a claim for compensation.

I have read and reread Ark. Stat. Ann. § 81-1318 (e) and fail to find even a remote possibility that it could have any application whatever to this or any similar situation. That provision comes into play only when recovery in an action at law has been denied on the sole ground that the employer and employee were subject to the act, i.e., that the Workmen's Compensation Act provided the *exclusive* remedy. That is not the case here. If a claimant met the bar of this section of this statute in a common law action, obviously he had no election and the holding in *Gentry* would apply.

There should be no doubt that there was an election of remedies here. In *Butler Bros. v. Hames*, 193 Ark. 77, 97 S.W. 2d 622, in holding that an action to recover a debt for merchandise purchased was an acknowledgment and ratification of a sale, and inconsistent with a later suit to set aside the sale of merchandise by the debtor which proceeded on the theory that the creditor had repudiated the transaction, we quoted from 20 CJ 9, § 8, viz:

> " *** Ordinarily, the question of inconsistency may be determined by a consideration of the relation of the parties with reference to the rights sought to be enforced as asserted in the pleadings. * * * To make them inconsistent one action must allege what the other denies, or the allegation in one must necessarily repudiate or be repugnant to the other. It is the inconsistency of the demands which makes the election of one remedial right an estoppel against the assertion of the other, and not the fact that the forms of action are different."

An election once made is irrevocable, even though it has not been acted upon by another to his detriment, and is a conclusive and absolute bar. *Roy v. Notestine,* supra. The election is made when the first pleading is filed. *Eastburn v. Galyen,* 229 Ark. 70, 313 S.W. 2d 794; *Belding v. Whittington,* 154 Ark. 561, 243 Ark. 808; *Bigger v. Glass,* 226 Ark. 466, 290 S.W. 2d 641. It does not matter that a decision on the merits has not been reached in the common law action and its dismissal

without prejudice does not affect the election made by filing suit. *Belding* v. *Whittington*, supra; *Eastburn* v. *Galyen*, supra; *Bigger* v. *Glass*, supra.

I submit the circuit judge was right and he should be affirmed. I concur on the motion to dismiss.