## HOUSING AUTHORITY Of The City Of CONWAY *v.* RENSHAW & TAYLOR, Architects, P. A.

75-232                                                       534 S.W. 2d 1

### December 15, 1975

## PER CURIAM

Appellee asserts, pursuant to Ark. Stat. Ann. § 27-2127.1 (Supp. 1973), we should dismiss this appeal from a monetary jury award because of the appellant's failure to file the transcript in this court within the statutory ninety days from the date of the filing of the notice of appeal without securing a valid extension of time in the manner prescribed in our Rule 26A.

Within the ninety day time limitation, the appellant secured from the court a one month's extension beyond the ninety days. However, opposing counsel was not given notice of the application for the extension of time as is required by Rule 26A. The appellant filed the transcript on the ninety-first day (August 19, 1975) after the notice of appeal, or on the first day of the extension of time. It appears, however, that on August 12, 1975, the appellee had knowledge of appellant's petition for a thirty day extension of time to file the transcript and the order granting it since it received certified copies on that date. The appellee filed its motion to dismiss the appeal on October 6, 1975, which was four days after the appellant had filed its brief. In the circumstances we must deny the motion. In *Owens* v. *Bill & Tony's Liquor Store,*

258 Ark. 887, 529 S.W. 2d 354 (1975), we said:

> Since Ark. Stat. Ann. § 27-2106.1 (Repl. 1962), provides that the failure to file the record in this Court within 90 days, or any extension thereof, does not affect the validity of the appeal but only furnishes ground for such action as we deem appropriate, we must decide what action is appropriate. When we consider that the purpose of the restriction placed in Ark. Stat. Ann. § 27-2127.1, by Act 206 of 1971, was to eliminate unnecessary delays in the docketing of appeals, we hold that an appellee who does not object to the obtaining of such an extension at the first opportunity will be deemed to have waived the error.

Here, as there, the appellee did not raise the issue until after the appellant had filed its brief in this court.

Motion denied.