Kim L. LIVELY *v.* LIBBEY MEMORIAL
PHYSICAL MEDICAL CENTER, Inc.

93-1243                                    875 S.W.2d 507

Supreme Court of Arkansas
Opinion delivered May 9, 1994

*Wright, Chaney, Berry & Daniel, P.A.*, by: *Don P. Chaney*, for appellant.

*Friday, Eldredge & Clark*, by: *William M. Griffin, III* and *John C. Fendley, Jr.*, for appellee.

ROBERT H. DUDLEY, Justice. Libbey Memorial Physical Medical Center, Inc., defendant below and appellee on appeal, pro-

vides physical medicine and fitness services to the public. It allows its employees and their families to use its exercise and fitness center as a fringe benefit of employment. Kim Lively, plaintiff and appellant, an employee of Libbey Memorial, was injured on March 26, 1987, an off-work day, while using one of the whirlpools at Libbey Memorial's exercise and fitness center.

On March 23, 1989, just before the worker's compensation statute of limitations expired, Lively filed a claim with the Worker's Compensation Commission. She alleged that her injury arose out of and in the course of her employment.

The Worker's Compensation claim had not been decided when, one year later on March 23, 1990, and just before the tort statute of limitations would have run out, she filed a tort claim in circuit court. She alleged that she was an invitee of Libbey Memorial, that it negligently caused her accident, and that it should be liable for compensatory as well as punitive damages.

On April 16, 1990, her worker's compensation claim was dismissed for failure to request a hearing within six months. On April 3, 1991, she refiled her worker's compensation claim, but on April 24, 1992, an administrative law judge ruled that the second filing was barred by the statute of limitations. In the ruling, the administrative law judge made a specific finding that "at all times, the relationship of employee-employer-carrier existed" between Lively, Libbey Memorial, and its worker's compensation carrier.

Meanwhile, in circuit court on December 2, 1991, the circuit judge had granted Libbey Memorial's motion for summary judgment. The trial court found that there was no evidence that Libbey Memorial derived any economic benefit by allowing employees to use the whirlpool facilities during nonwork hours and that the use of the facilities was merely gratuitous. As a result, the trial court ruled that Lively was a licensee; thus, Libbey Memorial owed no duty to her except to refrain from injuring her through willful or wanton negligence, and since willful or wanton negligence was not pleaded, there was no genuine issue of material fact for a jury. Lively appealed. We reversed the summary judgment because we found that Lively had presented evidence which raised genuine issues of material fact as to whether Lively was a licensee or an invitee and as to whether Libbey Memorial had acted willfully and wantonly. *See Lively* v. *Libbey*

*Memorial Physical Medical Ctr., Inc.*, 311 Ark. 41, 841 S.W.2d 609 (1992).

On June 10, 1993, after the remand, Libbey Memorial filed a second motion for summary judgment, alleging that Lively's exclusive remedy was under the Worker's Compensation Act and that she should be estopped from pursuing the tort claim since she had already made a claim for worker's compensation. The circuit court granted the motion for summary judgment based upon the Commission's findings that the employer-employee-carrier relationship existed at the time of the accident. Lively again appeals, and we must again reverse and remand.

■■ The rights and remedies of an employee who is subject to the provisions of the Worker's Compensation Act are exclusive of all other rights and remedies. Ark. Code Ann. § 11-9-105 (Supp. 1993). However, a finding that an employee is subject to the provisions of the Act requires more than just the proof of the employer-employee-carrier relationship. There must also be proof that the injuries arose "out of and in the course of employment." Ark. Code Ann. § 11-9-102(5)(A) (Supp. 1993). Neither the administrative law judge nor the circuit court made a finding of fact that Lively's injuries arose out of and in the course of the employment. Thus, it is impossible to say as a matter of law that Lively's injuries were compensable and that the Worker's Compensation Act constituted an exclusive remedy. For that reason, we reverse the summary judgment.

Libbey Memorial asks us to sustain the summary judgment on the basis of estoppel or election of remedies. In its estoppel argument, Libbey Memorial contends that since Lively claimed in the worker's compensation proceedings that her accident arose out of and in the course of her employment, she should be estopped from claiming in circuit court that the injury did not arise in the same manner. This argument is without merit. As the movant for summary judgment, Libbey Memorial had the burden of proof. Actually, if estoppel were applicable, Libbey Memorial might just as well be estopped, because in the worker's compensation proceeding it claimed that Lively's injury did not arise out of and in the course of her employment, and in that proceeding it contended she was not covered by worker's compensation. Now, in circuit court it contends she was covered. However, the doctrine of estoppel is not applicable.

■ Libbey Memorial cites *Atkins* v. *Pilot Life Ins. Co.*, 4 Ark. App. 257, 630 S.W.2d 50 (1982), as authority to apply the doctrine of estoppel, but that case is readily distinguished. In *Atkins* the employee accepted a lump sum worker's compensation settlement for an illness, and then filed suit in circuit court alleging that the illness was not work related. The court of appeals affirmed a ruling by the trial court that there had been an election of remedies. The court of appeals cited *Aetna Life Ins. Co.* v. *Bocanegra*, 572 S.W.2d 355 (Tex. Civ. Ct. App. 1978), and held that when a party elects to pursue one of several inconsistent remedies and either receives a settlement or prosecutes the case to a final judgment, then he has made a binding election of remedies and is thus estopped from pursuing another inconsistent remedy. This holding is clearly distinguished because in the case at bar there has not been a determination by settlement or judgment that Lively was acting in the scope of her employment when she was injured.

■■ Libbey Memorial next contends that when Lively filed her worker's compensation claim she made an election of remedies and cannot now pursue this tort case. The election of remedies bar applies only when it is shown that a complainant either did or could have recovered worker's compensation. *Riverside Furniture Co.* v. *Rodgers*, 295 Ark. 452, 749 S.W.2d 664 (1988). The point of emphasis in this type of election of remedies case is whether it can be determined that a party actually had a remedy under the worker's compensation laws. In *Gentry* v. *Jett*, 235 Ark. 20, 356 S.W.2d 736 (1962), we explained that a party does not elect between inconsistent remedies when he actually only has one available. *Id.* at 25-26, 356 S.W.2d at 740. We said that the general rule as to election of remedies is that, where a party has a right to choose one of two or more appropriate but inconsistent remedies, and with full knowledge of all the facts and of his rights makes a deliberate choice of one, then he is bound by his election and cannot resort to the other remedy. We further explained:

> Election is to be distinguished from mistake in remedy. The pursuit of a remedy which one supposes he possesses, but which in fact has no existence, is not an election between remedies but a mistake as to the available remedy, and will not prevent a subsequent recourse as to whatever remedial right was originally available.

*Id.* at 26, 356 S.W.2d at 740 (quoting *Sharpp* v. *Stodghill*, 191

Ark. 500, 86 S.W.2d 934 (1935)). We also quoted with approval Professor Larson's discussion of the application of the doctrine to worker's compensation cases, in which he emphasizes that "an election of remedy which proves to be nonexistent is no election at all." *Id.* at 27, 356 S.W.2d at 740; *see also* 2A Arthur Larson, *The Law of Workmen's Compensation* § 67.31, at 12-156 (1987).

■ In this case, it has not yet been established that Lively had a remedy under the worker's compensation law; therefore, she is not barred by the election of remedies doctrine from pursuing the tort suit.

We need not address the other point of appeal since it will not arise on remand. Reversed and remanded.