Rex MARSHALL and Nathan Marshall *v.*
SHELTER INSURANCE COMPANIES

CA 98-696                                      986 S.W.2d 139

Court of Appeals of Arkansas
Division II
Opinion delivered March 10, 1999

*Grider Law Firm*, by: *Murrey L. Grider*, for appellant.

*Womack, Landis, Phelps, McNeill & McDaniel*, by: D. Chris Gardner, for appellee.

JOHN MAUZY PITTMAN, Judge. The appellant, Nathan Marshall, was a passenger in a vehicle driven by Kevin Lee Morris and insured by Farm Bureau on July 21, 1991, when he was involved in an automobile accident with a vehicle driven by Michael Kevin Sundahl and insured by Tulsa General Insurance Company. Appellant was also covered as a named insured under an automobile policy provided by Shelter Insurance Company on his own automobile (which was not involved in the accident). Following the accident, appellant was paid $25,000 by Farm Bureau, this sum representing the limits of the liability policy insuring the driver of the vehicle in which appellant was a passenger. In November of 1991, Tulsa General offered to pay appellant the $25,000 policy limit of the liability policy covering the driver of the other vehicle involved in the accident, while informing appellant that his own insurer, Shelter, had a $5,000 subrogation claim for disability and medical payments. Subsequently, appellant made a claim against Farm Bureau for underinsured motorist benefits under the policy insuring the driver of the automobile in which appellant was a passenger, and was again paid $25,000. On July 15, 1992, approximately eight months after Tulsa General offered to pay appellant its liability limits of $25,000, appellant contacted Shelter and offered to waive any underinsured motorist claims against Shelter if Shelter would waive its subrogation claim. Shelter accepted this offer and closed its file on appellant's claim on July 16, 1992. However, before appellant received payment from Tulsa General, Tulsa General went into receivership and told

appellant to exhaust his claims against all other available insurance before proceeding with his claim against the Tulsa General liability policy. Appellant then filed suit against Shelter for uninsured motorist benefits. Shelter moved for summary judgment, asserting, *inter alia*, that appellant had already received underinsured motorist benefits from Shelter by virtue of the agreement concluded on July 16, 1992, and that Arkansas law prohibited recovery of both underinsured and uninsured motorist coverage for the same accident. The circuit court granted the motion and entered summary judgment in favor of the appellee. From that decision, comes this appeal.

For reversal, appellant contends that the trial court erred in granting appellee's motion for summary judgment. We find no error, and we affirm.

■ In reviewing cases where summary judgment is granted, we need only decide if the trial court's grant of summary judgment was appropriate based on whether the evidence presented by the moving party left a material question of fact unanswered. The moving party always bears the burden of sustaining a motion for summary judgment; all proof must be viewed in the light most favorable to the resisting party, and any doubts must be resolved against the moving party. The moving party is entitled to summary judgment if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *Youngman v. State Farm Mutual Automobile Insurance Co.*, 334 Ark. 73, 971 S.W.2d 248 (1998).

■ ■ The facts are not in dispute in the present case, and our analysis therefore must focus on whether the trial court correctly applied the law to those facts. *Id.* The parties agree that, pursuant to Arkansas law and the provisions of the Shelter policy, appellant is not entitled to both underinsured and uninsured motorist coverage for the same accident. The question, then, is whether the parties' agreement of July 16, 1992, resulted in appellant collecting underinsured motorist benefits from Shelter so as to preclude a subsequent claim for uninsured motorist benefits. We

hold that it did. It is clear that appellant's offer to Shelter was an attempt to effect a compromise and settlement of the respective rights and liabilities of the parties with respect to the underinsured motorist coverage, and that this offer was promptly accepted by Shelter. Any existing cause of action accruing to appellant merged into the compromise settlement. *State Farm Mutual Automobile Insurance Co. v. Beavers*, 321 Ark. 292, 901 S.W.2d 13 (1995). It has been said that:

> A valid compromise and settlement operates as a merger of, and bars all right to recover on, the antecedent claim or right of action included therein. The compromise agreement is substituted for the antecedent claim or right, and the rights and liabilities of the parties are measured and limited by the terms of the agreement. The antecedent claim is extinguished, and subsequent litigation based on it is barred by the compromise and settlement. If more than one remedy or theory of liability is initially available for the antecedent claim, and if one remedy or theory is pursued and results in a compromise and settlement, there is a binding election of remedies, and a subsequent action designed to obtain relief for the same claim is barred, even if it is based upon a different theory.

15A AM. JUR. 2d *Compromise and Settlement* § 24 (1976). Appellant having received consideration in the form of Shelter's waiver of its subrogation claim, appellant's offer of settlement merged into and was substituted for appellant's right to recover underinsured motorist benefits. Appellant has, in effect, received underinsured motorist benefits in the form of substituted performance pursuant to the compromise and settlement agreement, and is therefore barred from recovering uninsured motorist benefits.

Affirmed.

NEAL and HART, JJ., agree.