Marian SREBALUS *v.* ROSE CARE, INC.

CA 99-704 10 S.W.3d 112

Court of Appeals of Arkansas
Division II
Opinion delivered February 9, 2000
[Petition for rehearing denied March 15, 2000.]

*Kinard, Crane & Butler, P.A.*, by: *David F. Butler*, for appellant.

*Shackleford, Phillips, Wineland & Ratcliff, P.A.*, by: *Teresa Wineland*, for appellee.

MARGARET MEADS, Judge. Marian Srebalus appeals a summary judgment in which the trial court found that the doctrine of election of remedies barred her complaint. We reverse and remand for further proceedings consistent with this opinion.

Appellant was an employee of Homestead Manor Nursing Home, which is owned by appellee, a self-insured employer. On May 7, 1996, while on the way to work, and while walking through her employer's parking lot, appellant stepped into a pothole and suffered severe injuries to her left knee and ankle. Appellee made payments to appellant which were characterized as medical benefits and temporary total disability.

Appellee ultimately suspended benefits, discontinuing "temporary total disability" benefits after August 2, 1996, and paying no further "medical benefits" after the middle of 1997. On December 10, 1998, appellant filed a complaint in circuit court alleging that appellee was negligent in having an unsafe condition on its premises, which negligence was a proximate cause of appellant's injuries and damages.

Appellee moved for summary judgment, asserting that appellant made a claim for her injuries under the Arkansas Workers' Compensation Act (Act) and received benefits pursuant to the Act. In support of its motion, appellee submitted the affidavit of its claims adjuster, Dale Bennett. Bennett asserted that on May 13, 1996, appellant submitted an Employee's Notice of Injury in which she stated that she injured her left ankle in appellee's parking lot; that on May 15, 1996, appellee submitted a First Report of Injury or Illness to the Commission; that on May 21, 1996, appellee submitted to the Commission an Employer's Report of Initial Payment of Compensation or Intention to Controvert, reflecting that a compensation check had been sent to appellant; that an amended

Employer's Report of Initial Payment of Compensation or Intention to Controvert was submitted to the Commission on June 3, 1996; and that on March 21, 1997, appellant filed a Claim for Compensation. It was appellee's position that under Ark. Code Ann. § 11-9-105 (Repl. 1996), an employee's rights and remedies under the Act are exclusive of all other employee rights and remedies on account of injury, and once an employee elects to make a claim under the Act and receives benefits thereunder, she is precluded from maintaining an action at law against the employer. Appellee also asserted that, even if appellant was not covered by the Act because she was on her way to work when she was injured, appellant elected to proceed against it under the Act and received substantial benefits under the Act, thus barring her tort claim as a matter of law.

Appellant's response was that she was not covered by the Act because she was not injured while acting within the scope of her employment. She admitted making a claim to the Commission but averred that she does not intend to pursue it. Appellant said that appellee at its whim can deny her benefits because her injury was not work-related.

Appellant submitted an affidavit in which she stated that after her injury appellee initially told her that she was not injured at work because she was not on company time. After speaking with Bennett, appellee informed her that Bennett said this was not a workers' compensation case because the incident happened in the parking lot and that he could not cover her claim as a workers' compensation claim until he checked with upper management. A short time later, Bennett told her they would take the claim under workers' compensation even though the incident occurred in the parking lot and not on company time. Appellant also stated that appellee told her on more than one occasion that her injury was not a workers' compensation case because she was not on company time when it occurred. Appellant averred that she initially received benefits, but they were stopped, and she received no further checks even though she was unable to work. She said that during these discussions with Bennett and appellee, she "had no knowledge about what they meant regarding [her] injury being a workers' compensation case" and that she was handed a document which she now knows is a notice of injury which "they" prepared and had her sign.

The record also contains appellee's response to appellant's requests for admissions. Appellee denied that either appellee or Bennett knew, at the time employee benefits were paid to appellant, that she "was not working within the scope of her employment when she received an injury in the parking lot," and denied that nursing home management "knew that when [appellant] fell ... that her injury should not have been covered under the Workers' Compensation law." Appellee also denied that "any benefits to which [appellant] is entitled under the Arkansas Workers' Compensation Act" were denied. Appellee further denied that appellant "asked for any benefits to which she was entitled" under the Act which appellee refused to pay. Appellee admitted that appellant "requested benefits to which she is not entitled" under the Act which were not paid. We think these answers are equivocal at best.

After a hearing at which the court heard arguments of counsel, the trial judge found that under the doctrine of election of remedies, appellant elected the remedy of workers' compensation. He stated that whether or not appellant was fully satisfied with the amount of payments made, she elected her remedy and is barred from any further litigation in tort. Summary judgment against appellant was entered on March 24, 1999.

■■ As a preliminary matter we must determine whether circuit court had jurisdiction over this matter. In *Van Wagoner v. Beverly Enterprises*, 334 Ark. 12, 970 S.W.2d 810 (1998), our supreme court resolved the question of whether the circuit court or the Workers' Compensation Commission has jurisdiction to determine whether the Act applies. In that case, appellant filed suit against appellee in circuit court, and appellee moved to dismiss the complaint on the ground that jurisdiction resided exclusively in the Commission. Circuit court agreed and dismissed the complaint. Our supreme court noted that previously it had adhered to the rule that circuit court and the Commission have concurrent jurisdiction to determine the applicability of workers' compensation laws to a given case, but now recognized that the better rule is to allow the Commission to decide whether an employee's injuries are covered by the Act. It held that the exclusive remedy of an employee on account of injury arising out of and in the course of her employment is a claim for compensation under the Act, and that the Commission has exclusive, original jurisdiction to determine the facts that establish jurisdiction, *unless the facts are so one-sided that the*

*issue is no longer one of fact but one of law,* such as an intentional tort. In the instant case, there is no issue regarding whether appellant was performing employment services at the time of her injury. It is undisputed that she fell while on her way to work.

■ Prior to Act 796 of 1993, our appellate courts recognized the premises exception to the going-and-coming rule, which provided that although an employee at the time of injury had not reached the place where her job duties were discharged, her injury was sustained within the course of her employment if she was injured while on the employer's premises or on nearby property either under the employer's control or so situated as to be regarded as actually or constructively a part of the employer's premises. *Hightower v. Newark Public System,* 57 Ark. App. 159, 943 S.W.2d 608 (1997). However, in 1993, the Arkansas Legislature passed Act 796 of 1993. Under that act, a compensable injury does not include an injury suffered at a time when employment services are not being performed. Ark. Code Ann. § 11-9-102(5)(B)(iii) (Repl. 1996). *See Hightower, supra* (holding appellant not entitled to compensation for an injury sustained when she fell on ice in her employer's parking lot; merely walking to and from one's car even on the employer's premises does not qualify as performing employment services). Here, it is not disputed that appellant fell in appellee's parking lot while on her way to work. Thus, there is no fact issue to determine, and under *Hightower* we can say as a matter of law that the Act does not apply. We are not unmindful of the *Hightower* language "such as an intentional tort," but we think that language is meant as an example and not as a restriction. Therefore, we hold that circuit court has jurisdiction over this matter.

■ In reviewing cases where summary judgment is granted, we need only decide whether the trial court's grant of summary judgment was appropriate based upon whether the evidentiary items presented by the moving party in support of the motion left a material question of fact unanswered. *Marshall v. Shelter Insurance Companies,* 65 Ark. App. 255, 986 S.W.2d 139 (1999). While it is no longer considered a drastic remedy, summary judgment is only appropriate when the state of the evidence as portrayed by the pleadings, affidavits, discovery responses, and admissions on file is such that the nonmoving party is not entitled to a day in court. *Guidry v. Harp's Food Stores, Inc.,* 66 Ark. App. 93, 987 S.W.2d 755 (1999). The burden of sustaining a motion for

summary judgment is on the moving party. *Id.* On appeal, we view the evidence in a light most favorable to the nonmoving party and resolve any doubt against the moving party. *Luningham v. Arkansas Poultry Fed'n Ins. Trust*, 53 Ark. App. 280, 922 S.W.2d 1 (1996). Where the decision on a question of law by the trial court depends upon an inquiry into the surrounding facts and circumstances, the trial court should refuse to grant a motion for summary judgment until the facts and circumstances have been sufficiently developed to enable the trial court to be reasonably certain that it is making a correct determination of the question of law. *Ingram v. Chandler*, 63 Ark. App. 1, 971 S.W.2d 801 (1998). Our task is to determine whether the evidentiary items presented by the moving party in support of the motion leave a material question of fact unanswered. *White v. J.H. Hamlen & Son Co.*, 67 Ark. App. 390, 1 S.W.3d 464 (1999).

■ Appellant argues that the trial court erred in granting summary judgment because she had no remedy under the Act, and that the doctrine of election of remedies does not preclude her suit because she has no remedy under the Act. Appellant relies on *Travelers Insurance Co. v. Smith*, 329 Ark. 336, 947 S.W.2d 382 (1997), in support of her election-of-remedies argument. In that case, our supreme court held that election of remedies bars litigation when it is shown that the claimant received or could have received compensation for her injury under the Act. In making this holding, the court cited *Lively v. Libbey Memorial Physical Medical Ctr.*, 317 Ark. 5, 875 S.W.2d 507 (1994).

In *Lively, supra,* our supreme court discussed the law regarding the doctrine of election of remedies in a workers' compensation setting, where it stated:

> The election of remedies bar applies only when it is shown that a complainant either did or could have recovered workers' compensation. The point of emphasis in this type of election of remedies case is whether it can be determined that a party actually had a remedy under the worker's compensation laws. In *Gentry v. Jett*, 235 Ark. 20, 356 S.W.2d 736 (1962), we explained that a party does not elect between inconsistent remedies when he actually only has one available. We said that the general rule as to election of remedies is that, where a party has a right to choose one of two or more appropriate but inconsistent remedies, and with full knowledge of all the facts and of his rights makes a deliberate

choice of one, then he is bound by his election and cannot resort to the other remedy. We further explained:

> Election is to be distinguished from mistake in remedy. The pursuit of a remedy which one supposes he possesses, but which in fact has no existence, is not an election between remedies but a mistake as to the available remedy, and will not prevent a subsequent recourse as to whatever remedial right was originally available.

> We also quoted with approval Professor Larson's discussion of the application of the doctrine to worker's compensation cases, in which he emphasizes that "an election of remedy which proves to be nonexistent is no election at all."

317 Ark. at 9-10, 875 S.W.2d at 509 (citations omitted).

 In the instant case, we believe there is a question of fact as to whether appellant either "did or could have" recovered workers' compensation. With regard to whether appellant "could have" received workers' compensation, appellant's injury occurred in her employer's parking lot while on her way to work. There is no factual issue in this regard, and under *Hightower, supra,* we can say as a matter of law that appellant's injury was not compensable under our workers' compensation law. Appellant therefore could not have recovered workers' compensation benefits for her injury.

However, this does not answer the question of whether appellant "did" recover workers' compensation benefits. In her affidavit, appellant averred that both her employer and its claims adjuster stated that this was not a workers' compensation case. Nonetheless, the claims adjuster said that appellee would take the injury under workers' compensation. Moreover, appellee did pay appellant's medical bills until mid-1997 and made several weekly payments to her. Although appellee characterizes these payments as medical benefits and temporary total disability, we think there is a question of fact as to the character of the payments: were they "voluntary" payments; payments made by mistake; or, as appellee contends, workers' compensation benefits? Further, we believe there is a question of fact, based upon what appellant had been told by appellee and Bennett, as to whether appellant had full knowledge of all the facts and of her rights so that she could make a deliberate choice and be bound by her election. Indeed, appellant's affidavit averred that when this was happening, she had no knowledge about

what appellee and Bennett meant regarding her injury being covered by workers' compensation and that she was handed a document which she *now knows is a notice of injury which they prepared and had her sign.*

Because there are questions of fact regarding the character of payments made to appellant and whether appellant made a deliberate choice of remedy with full knowledge of all the facts and of her rights, we hold that the trial judge erred in entering summary judgment for appellee.

Reversed and remanded.

ROBBINS, C.J., and ROGERS, J., agree.